UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GAY ANNE MARTIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-1254 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| COMMISSIONER OF ) | **REPORT AND RECOMMENDATION** |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On December 23, 2010, plaintiff protectively filed her application for DIB benefits.[1] She initially alleged a November 6, 2006, onset of disability. (Page ID 142-45).[2] She later amended her claim to allege a May 24, 2007, onset of disability. (Page ID 51, 153). Her disability insured status expired on June 30, 2009. Thus, it was plaintiff's burden on her claim for DIB benefits to submit evidence demonstrating that she was disabled on or before June 30, 2009. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

---

[1] December 23, 2010, is the protective filing date. "Protective filing date" is the term used for the first time an individual contacts the Social Security Administration about filing for benefits. *See* http:// www.ssa.gov/glossary.htm (last visited Jan. 14, 2015). A protective filing date allows an individual to have an earlier application date than the date the signed application is actually filed. *Id.*

[2] The "Page ID" numbers are the numbers that appear in the upper right hand corner of each page in the court's electronic record.

Plaintiff's claim for DIB benefits was denied on initial review. On February 29, 2012, she received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (Page ID 65-85). On March 6, 2012, the ALJ issued his decision finding that plaintiff was not disabled. (Page ID 51-61). On July 29, 2013, the Appeals Council denied review (Page ID 32-34), and the ALJ's decision became the Commissioner's final decision.

On November 15, 2013, plaintiff filed a complaint seeking judicial review of the Commissioner's decision denying her claims for benefits.[3] She asks the court to overturn the Commissioner's decision on the following grounds:

1. The ALJ made an erroneous credibility determination.

2. The ALJ failed to make an accurate RFC assessment.

3. The ALJ "Erroneously Found Work at Step Four [of the sequential analysis]."[4]

(Statement of Errors, Plf. Brief at 4, Dkt. 15, Page ID 410). I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124,

---

[3]On October 11, 2013, the Appeals Council granted plaintiff's request for more time to file a civil action. It granted her "30 days" from the date she received the Appeals Council's letter and further assumed that she received the letter "5 days after the date on it." (Page ID 29). Plaintiff filed this lawsuit within the extended period granted by the Appeals Council.

[4]Plaintiff's third claim of error appears to be a vestige from a brief that her attorney filed in some other case. There is no argument in the body of plaintiff's brief corresponding to this purported error. Further, the ALJ found at step four that plaintiff was "unable to perform any past relevant work." (Page ID 59).

125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from May 24, 2007, through June 30, 2009, but not thereafter. (Page ID 53). Plaintiff had not engaged in substantial gainful activity on or after May 24, 2007.[5] (Page ID 53). Plaintiff had the following severe impairments as of her date last disability insured: anxiety, breathing problems, depression, spinal stenosis, and cervical fusion. (Page ID 53). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (Page ID 56). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with a sit/stand option; no overhead work; and occasional bending, twisting, turning climbing, crawling, squatting, and kneeling. In addition, the claimant is capable of unskilled work and work activity must be performed in a clean air environment.

(Page ID 57). The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible:

> The claimant testified she had obtained an associate's degree as a medical assistant and she lived with her parents. The claimant reported she began having back pain in 1985, which was constant for 4-5 years and did not go away. However, she reported she had neck surgery in 2006, with good results. The claimant stated she was able to do all of the laundry for herself and her parents and she also read, used the computer, and played cards but she had some difficulties climbing stairs. She also reported she left her house 1-2 times per week and she was able to sit for 20 minutes and stand 10-15 minutes. The claimant testified her medications caused fatigue but she reported was able to drive. The claimant reported she shopped for groceries about 1-2 times per month for 25 minutes at a time but she would lean on the cart when her back pain worsened.

---

[5] The typographical errors referring to "May 4, 2007," rather than May 24, 2007, have been disregarded. May 24, 2007, was plaintiff's amended alleged onset of disability date.

In giving consideration to the claimant's complaints of pain and other symptoms, the undersigned has considered their nature, location, onset, duration, frequency, radiation, and intensity by reviewing the medical records and the testimony of the claimant. Consideration has also been given to the precipitating or aggravating factors, type of medication, dosage, effectiveness and side effects, type of treatment, the claimant's daily activities, and other matters relating to the claimant's condition. However, such statements, standing alone, will not be a basis for a finding of disability since it must first be established that a claimant has a medically determinable physical or mental impairment as evidenced by medical signs and laboratory findings to which allegations or reports of symptoms can reasonably be related.

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record (SSR 96-7p). Based on a consideration of all of the evidence in the case record, the undersigned finds that the claimant's statements are not fully consistent with the medical signs and laboratory findings and other information provided by medical sources, including the longitudinal medical record, to a degree that supports a finding of disability prior to her date last insured. While I find credible statements that claimant's abilities are affected by reported symptoms, I find only partially credible claimant's statements as to the extent of the functional limitations due to the symptoms. In determining the credibility of claimant's statements in this case, I have considered the entire case record as required under 20 CFR 404. 1529(c)(2)-(3) and SSR 96-7p.

While the claimant is certainly restricted as to the types of work she is capable of performing, the objective medical evidence prior to her date last insured, fails to establish that the claimant's impairments are of such severity to preclude her ability to perform even the jobs identified by the vocational expert in testimony. Furthermore, the medical evidence fails to reasonably support the level of limitations as described by the claimant. The evidence as a whole, does not suggest or establish that the claimant lacks suitable concentration, memory, adaptive, basic cognitive or interpersonal skills for vocational involvement that is simple and routine in nature, as depicted in the residual functional capacity adopted. In addition, the claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely credible to the extent they are inconsistent with the above residual functional capacity assessment. The claimant's allegations regarding pain levels and inability to sit, stand, or walk for long periods are found credible only to the extent consistent with the residual functional capacity adopted.

While the records subsequent to the claimant's date last insured, suggest the claimant's conditions have declined, the undersigned concludes there is very little evidence to support

>   the degree of disabling limitations she has alleged prior to June 30, 2009, her date last insured. The undersigned further notes that the record does not contain any opinions from treating or examining physicians indicating that the claimant was disabled or even had limitations greater than those determined in this decision prior to her date last insured.
>
>   The claimant testified she had good results after her cervical fusion in 2006 and while she does have back pain, MRI studies have not shown any serious pathology prior to her date last insured. In fact, MRI studies of the claimant's lumbar spine, which were performed in April 2009, and again in May 2010, demonstrated mild degenerative change through the lower lumbar spine (Exhibits 3F and 4F). The claimant was diagnosed with emphysema and she has been treated on occasion for complaints of shortness of breath, but the record indicates the claimant continued to smoke at least through her date last insured. It is further emphasized that the claimant did not testify to any serious breathing limitations at the hearing.
>
>   Although the medical records contain a diagnosis for anxiety and depression, the objective evidence contained therein does not suggest the impairments cause significant interference with claimant's residual functioning capacity to the point where she is precluded from all work. At worst, the records indicate mild to moderate limitations, which are not severe enough to satisfy required functional criteria. The claimant was never psychiatrically hospitalized and she has not received any mental health treatment. In fact, the evidence does not suggest she was prescribed any psychotropic medications by her primary care sources at Mercy Community Physicians general practice.
>
>   In sum, the above residual functional capacity assessment is supported by the objective medical evidence, which does not provide a basis for finding limitations greater than those determined in this decision prior to the date last insured. After careful consideration of the entire record, while giving reasonable credit to the claimant's testimony and findings of her treating physicians, the undersigned concludes that neither the objective evidence of record, nor the claimant's own statements and activities, supports a conclusion that she was unable to perform any substantial gainful activity prior to her date last insured.

(Page ID 57-59). The ALJ found that plaintiff was unable to perform any past relevant work. (Page ID 59). Plaintiff was 52-years-old as of her date last disability insured. She was classified as an individual closely approaching advanced age. (Page ID 59). Plaintiff has at least a high-school education and is able to communicate in English. (Page ID 60). The transferability of job skills was not material to a disability determination. (Page ID 60). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's

age, and with her RFC, education, and work experience, the VE testified that there were approximately 14,000 jobs in Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (Page ID 82-83). The ALJ found that this constituted a significant number of jobs. Using Rule 202.14 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (Page ID 60-61).

**1.**

Plaintiff argues that the ALJ made an erroneous credibility determination. (Plf. Brief at 5-9, Page ID 411-15). Specifically, she argues that the ALJ failed to "properly consider the factors set forth in SSR 96-7p and 20 C.F.R. § 404.1529(c)(3)" and that "the medical records in this case show a progression of Plaintiff's symptoms and consistent complaints of pain before, during, and after the relevant period in this case." (Plf. Brief at 6, Page ID 412). Plaintiff concedes that "there is a gap in the medical records" that she submitted in support of her claim. (*Id.* at 7, Page ID 413). She argues that the ALJ should have found that her subjective complaints were credible and that he placed too much emphasis on the lack of medical evidence generated "during the short period between her onset date and Date Last Insured." (*Id.* at 9, Page ID 415).

It is not sufficient for plaintiff to point to "pieces of evidence" on which the ALJ could have based a finding in her favor. Her burden on appeal is much higher. She must "demonstrate that the ALJ's determination that [s]he was not disabled is not supported by substantial evidence." *Peterson v. Commissioner*, 552 F. App'x 533, 540 (6th Cir. 2014). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Commissioner*, 245 F.3d at 534.

SSR 96-7p is a social security ruling addressing the process for assessing the credibility of a claimant's statements regarding his or her symptoms.  *See Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims:  Assessing the Credibility of an Individual's Statements*, SSR 96-7p (SSA July 2, 1996) (reprinted at 1996 WL 374186).  "Social Security Rulings do not have the force and effect of law, 'but are binding on all components of the Social Security Administration' and represent 'precedent final opinions and orders and statements of policy and interpretations' adopted by the Commissioner." *Ferguson v. Commissioner*, 628 F.3d 269, 272 n. 1 (6th Cir. 2010) (quoting 20 C.F.R. § 402.35(b)(1)).  The Sixth Circuit has "refrained from ruling whether Social Security Rulings are binding on the Commissioner in the same way as Social Security Regulations, but assume[s] that they are." *Ferguson*, 628 F.3d at 272 n. 1.  In addition to the objective evidence, the ALJ is to consider the following factors when assessing the credibility of a claimant's statements regarding her symptoms:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

1996 WL 374186 at * 3. Under SSR 96-7p the ALJ is required to "consider" the seven-listed factors, but there is no requirement that the ALJ discuss every factor. *See White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *see also Coleman v. Astrue*, No. 2:09-cv-36, 2010 WL 4094299, at * 15 (M.D. Tenn. Oct. 18, 2010) ("There is no requirement [ ] that the ALJ expressly discuss each listed factor."); *Roberts v. Astrue*, No. 1:09-cv-1518, 2010 WL 2342492, at * 11 (N.D. Ohio June 9, 2010) ("[T]he ALJ need not analyze all seven factors contained in SSR 96-7p to comply with the regulations."). SSR 96-7p sets forth a list of factors for the ALJ to consider in addressing the claimant's credibility. *See White v. Commissioner*, 572 F.3d at 287; *see also Reynolds v. Commissioner*, 424 F. App'x 411, 417 (6th Cir. 2011); *Parsons v. Astrue*, No. 1:09-cv-2695, 2011 WL 887618, at * 6 (N.D. Ohio Feb. 17, 2011) ("The ALJ conducted the appropriate analysis pursuant to SSR 96-7p, although not articulated in the manner Plaintiff would prefer."). The ALJ's discussion of plaintiff's credibility began with the relevant regulations and social security rulings, including SSR 96-7p. (Page ID 57). The ALJ's reference to SSR 96-7p indicates that he "considered" all the ruling's factors. *Brown v. Commissioner*, No. 1:10-cv-705, 2012 WL 951556, at * 5 (W.D. Mich. Feb 27, 2012).

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial

evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.'"). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain her credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248.

It was plaintiff's burden on her claim for DIB benefits to submit evidence demonstrating that she was disabled on or before June 30, 2009. *See Moon*, 923 F.2d at 1182. The period at issue ran from plaintiff's amended onset of disability date, May 24, 2007, through her date last disability insured, June 30, 2009. Documents generated outside the period at issue are "minimally probative,"

and are considered only to the extent that they illuminate a claimant's health before the expiration of her insured status. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *see also Van Winkle v. Commissioner*, 29 F. App'x 353, 358 (6th Cir. 2002). Here, the ALJ considered all the evidence presented, including the evidence generated before, during, and after the period at issue. (Page ID 52, 54, 55, 58). Among other things, the evidence generated during all three periods documented plaintiff's failure to comply with medical advice to stop smoking cigarettes. (Page ID 54-55, 59). It was appropriate for the ALJ to draw an adverse inference from plaintiff's failure to follow medical advice regarding smoking cessation. Social security regulations make pellucid that the claimant bears the burden of demonstrating good reasons for her failure to follow prescribed treatment: "If you do not follow the prescribed treatment without good reason, we will not find you disabled." 20 C.F.R. § 404.1530(b). The Sixth Circuit recognizes that a claimant's failure to follow prescribed treatment is evidence supporting an ALJ's factual finding that the claimant's testimony was not fully credible. *See Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988); *Cartwright v. Commissioner*, No. 1:12-cv-957, 2014 WL 4063873, at * 4 (W.D. Mich. Aug. 14, 2014); *accord Moore v. Commissioner*, 573 F. App'x 540, 542-43 (6th Cir. 2014).

The ALJ observed that the objective medical evidence failed to provide strong support for the claimant's allegations of disabling symptoms and limitations prior to June 30, 2009. (Page ID 54, 59). Plaintiff "underwent a surgical fusion of C5-6 in November 2006." (Page ID # 54). The ALJ observed that plaintiff testified that she had "good results from her cervical fusion in 2006 and while she does have back pain, MRI studies have not shown any serious pathology prior to June 30, 2009, her date last insured." (Page ID 59; *see* Page ID 73-74). Plaintiff "presented to the emergency room on March 24, 2009, with complaints of low back pain with radiculopathy. An MRI of the

claimant's lumbar spine demonstrated mild degenerative change through the lower spine, but more significant at L5-S1." (Page ID 55; *see* Page ID 244). "An MRI of the claimant's lumbar spine was also performed on May 4, 2010, which is subsequent to her date last insured[,] but again only showed only multilevel degenerative changes." (Page ID 55; *see* Page ID 246). The ALJ found that the evidence generated after June 30, 2009, "fail[ed] to establish that plaintiff was disabled prior to her date last insured." (Page ID 55). The ALJ found that the evidence generated after June 30, 2009, suggested that plaintiff's health had deteriorated after her date last disability insured. (Page ID 59). I find that the ALJ gave sufficient explanation of his factual finding regarding plaintiff's credibility, and that his finding is supported by more than substantial evidence.

**2.**

Plaintiff argues that the ALJ failed to make an accurate RFC assessment. (Plf. Brief at 9-12, Page ID 415-18). Specifically, she argues that the ALJ's factual findings should have included more significant restrictions on her ability to stand. RFC is an administrative issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), (3). RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. § 404.1545(a)(1); *Branon v. Commissioner*, 539 F. App'x 675, 677 n.3 (6th Cir. 2013); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). The ALJ's factual finding that plaintiff was capable of performing a limited range of light work through her date last insured (Page ID 57) is supported by more than substantial evidence.

Plaintiff makes a passing argument that the hypothetical question posed to the VE was deficient. (Plf. Brief at 12, Page ID 418). A hypothetical question is not required to list the claimant's medical conditions, but is only required to reflect the claimant's limitations. *Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004). The ALJ found that plaintiff's testimony was not

fully credible. It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Parks v. Social Security Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011) ("Hypothetical questions [ ] need only incorporate those limitations which the ALJ has accepted as credible."); *Carrelli v. Commissioner*, 390 F. App'x 429, 438 (6th Cir. 2010) ("[I]t is 'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.' ") (quoting *Casey*, 987 F.2d at 1235). The ALJ's hypothetical question included all the limitations he found to be credible.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  January 20, 2015         /s/  Phillip J. Green
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).